NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VILMA FLORIDALIA SALES SALES I; H B G.S. I,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-545<br><br>Agency Nos.<br>A220-464-008<br>A220-464-009<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Vilma Floridalia Sales Sales and her minor daughter (collectively,

"Petitioners") petition for review of a decision of the Board of Immigration

Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ"), which denied their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1. To establish eligibility for asylum and withholding of removal on the basis of past persecution, applicants must demonstrate a causal nexus to a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). For asylum, applicants must demonstrate that a protected ground "was or will be at least one central reason" for their past or feared future persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, applicants must demonstrate that a protected ground will be "a reason" for their future persecution. 8 U.S.C. § 1231(b)(3)(A), (C).

Substantial evidence supports the BIA's determination that Petitioners failed to establish that a protected ground was either "one central reason" or "a reason"

for any past or feared future persecution. The BIA affirmed the IJ's finding that Vilma Sales Sales's uncle "only physically harmed her when she attempted to protect her father, who was being harmed by her uncle over the land dispute," and therefore that any persecution was solely motivated by the uncle's desire to own the disputed land. Personal disputes do not constitute persecution based on a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011). The evidence does not compel a contrary finding.

2. To establish eligibility for CAT relief, applicants must demonstrate that it is "more likely than not," 8 C.F.R. § 1208.16(c)(2), that they would be tortured in the country of removal "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity. . . ." 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the BIA's determination that Petitioners failed to establish that the torture they fear will be carried out with the consent or acquiescence of a public official. The IJ considered the entire record and found that country conditions evidence shows that Guatemalan law, although not perfectly enforced, prohibits torture and other cruel, inhumane, or degrading treatment. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to . . . prevent crime will not suffice to show acquiescence."). The evidence does not compel a contrary finding.

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 2, is otherwise denied.